UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT LEE LAZARUS,

        Plaintiff,                Case No. 1:07-cv-524

v.                                      Honorable Wendell A. Miles

SUZANNE B. EISEN et al.,

        Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Defendants Caruso, Birkett, State of Michigan, Calhoun County, and Summit Point Community Mental Health. The Court will serve Plaintiff's remaining claims against Defendants Correctional Medical Services, Inc., Eisen, Smith, Norwood, Gilkey, Bauer, Kemp, Patterson, Chaffen and Badger.

**Discussion**

    I.        Factual Allegations

Plaintiff is incarcerated in the Huron Valley Complex, but the events giving rise to his complaint arose while he was incarcerated in the Standish Maximum Correctional Facility (SMF) and the Ionia Maximum Correctional Facility (ICF). Plaintiff sues the State of Michigan; Correctional Medical Services, Inc. (CMS); Patricia Caruso, Director of the Michigan Department of Corrections (MDOC); SMF Warden (unknown) Birkett; SMF Nurse (unknown) Bauer; ICF Warden (unknown) Smith; ICF Psychologist Suzanne Eisen; ICF Deputy Warden (unknown) Norwood; ICF Resident Unit Manager (unknown) Gilkey; ICF Nurse (unknown) Kemp; ICF Resident Unit Officers (unknown) Patterson and (unknown) Chaffen; and ICF Officer (unknown) Badger. Plaintiff also sues Calhoun County and Summit Point Community Mental Health.

Plaintiff claims that he has been denied proper medical health treatment for his mental illness. On October 1, 2004, while Plaintiff was incarcerated at SMF, he was placed in the Secure Status Out Patient Mental Health Treatment Program (SSOPT). Five days later, he received a major misconduct for threatening behavior after he had an argument with Defendant Nurse Bauer. As a result of the misconduct, Plaintiff was placed in administrative segregation and was removed from SSOPT. Plaintiff complained to Dr. Hughly, Ted Selisky, Dr. Biggs and Helen Colias[1] that his segregated confinement made his depression worse and his hallucinations more frequent and increasingly morbid. Plaintiff claims that as form of punishment and retaliation, health care staff and prison administrators continued to house him in segregation. According to Plaintiff, several staff members said to him, "Maybe this will teach you to stay out of trouble and stop acting out."

---

[1]Dr. Hughly, Ted Selisky, Dr. Biggs and Helen Colias are not named as Defendants in the complaint.

(Compl., 5.) From June through November 2005, Plaintiff overdosed on medication three times and tried to hang himself. Plaintiff was transferred to ICF on December 12, 2005.

Upon his arrival at ICF, Plaintiff was classified to administrative segregation. Defendant Eisen, his case monitor, told Plaintiff that he would be placed in a residential treatment program, but it was cancelled because Plaintiff got an altercation with prison staff during his transfer from SMF to ICF. On January 12, 2006, Plaintiff overdosed again and set his cell on fire. He spent six days at Jackson Foote Hospital and was returned to ICF. After his return from the hospital, Plaintiff wrote several grievances complaining about the denial of medical treatment. Defendant Eisen interviewed Plaintiff regarding the misconducts and tried to convince him to sign-off as if the issued had been resolved. Plaintiff claims that when he refused, Eisen left his cell, but came back a few minutes later screaming that she was going to write a misconduct against him for sexual misconduct. Plaintiff claims that Eisen wrote the misconduct and refused to help him obtain proper medical treatment in retaliation for the grievances he filed against her.

On April 17, 2006, Plaintiff overdosed and "tore up" his cell during a "black-out paranormal experience." (Compl., 6.) Plaintiff claims that Defendant Eisen came to see him in the observation cell and told him, "I told you not to f--- with me. How's life treating you?" (*Id.*) A few days later, Plaintiff had a "powerful visual and audio hallucination." (*Id.*) He asked to speak to his psychologist before it got too severe, but she refused saying that he never had hallucinations before. Plaintiff broke his sprinkler and ingested metal pieces from the sprinkler head, concrete and other metal pieces in an attempt to injure himself. Plaintiff was placed in an observation cell, where he destroyed two cameras and the window. He also hoarded his medication and overdosed again. He then proceeded to tear the light off the ceiling, ingested glass and cut up his arms. Plaintiff alleges

that he was restrained for fourteen days on a bed with no clothes and was forced to urinate and defecate on himself with no opportunity to cleanse himself. He further alleges that suffered sores and open wounds from the restraints.

Plaintiff alleges that he has overdosed six times since his transfer to ICF. Other than medication, the only mental health treatment he receives is three to five minutes per week when a psychologist comes to the outside of his cell and asks him a few questions. Plaintiff claims that members of the ICF Security Classification Committee (SCC), including Defendants Smith, Norwood, Gilkey and Huss are subjecting him to cruel and unusual punishment by keeping him in segregation as the result of his behavior, which is the result of serious mental illness. Defendant Eisen told Plaintiff that he had to be misconduct free for six months before he could be placed in a formal treatment program.

Plaintiff further claims that he was assaulted in April and May 2007. He alleges that while he was restrained during a hearing, Defendants Gilkey, Patterson and Chaffen pushed him down and twisted his wrists and ankles. Plaintiff claims that he lost teeth and suffered other injuries as a result of the incident. He also claims that Defendants Kemp and Chaffen denied him his prescription medication as punishment for a two-week period in April and May, 2007. Plaintiff claims that Defendant Scott and Gilkey were present when he was denied his medication on April 24, but failed to intervene. He further claims that Officer Badger assaulted him while he was restrained.

Plaintiff also makes factual allegations concerning events that occurred from October 2001 through May 2002, while he was in the custody of the Calhoun County Sheriff. Plaintiff claims that in January 2002, employees of Calhoun County and Summit Point Community Mental

Health forcibly restrained him in a chair while he was naked, soaked him with cold water and put him in front of an open door.

Plaintiff asserts violations of the Eighth Amendment and Fourteenth Amendment due process and equal protection clauses, Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 et seq., and Section 504 of the Rehabilitation Act of 1973 (RA), 29 U.S.C. § 794(a). He also claims that Defendants are denying him medical treatment in retaliation for filing grievances. Plaintiff seeks injunctive relief and monetary damages.

II.     State of Michigan

As an initial matter, Plaintiff may not maintain a § 1983 action against the State of Michigan. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Accordingly, the State of Michigan is immune from actions brought under § 1983. In addition, the State of Michigan is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the State of Michigan will be dismissed.

      III.      <u>Defendants Calhoun County and Summit Point Community Mental Health</u>

Plaintiff claims that in January 2002, employees of Calhoun County and Summit Point Community Mental Health[2] forcibly restrained him in a chair while he was naked, soaked him with cold water and put him in front of an open door. Plaintiff's claims against Calhoun County and Summit Point Community Mental Health are time-barred. State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985). For civil rights suits filed in Michigan under § 1983, the statute of limitations is three years. *See* MICH. COMP. LAWS § 600.5805(10); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.[3] Plaintiff asserts claims arising in January 2002 and had reason to know of the "harms" done to him at the time they

---

[2]To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)). It is unclear from the allegations set forth in the complaint whether Summit Point CMH is a state actor for purposes of § 1983. Because Plaintiff's claims against Summit Point CMH are time-barred, the Court will assume without deciding that Plaintiff may maintain an action against it.

[3]28 U.S.C. § 658 created a "catch-all" limitations period of four years for civil actions arising under federal statute enacted after December 1, 1990. The Supreme Court's decision in *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004), which applied this federal four-year limitations period to a suit alleging racial discrimination under § 1981 does not apply to prisoner claims under 28 U.S.C. § 1983 because, while § 1983 was amended in 1996, prisoner civil rights actions under § 1983 were not "made possible" by the amended statute. *Id.* at 382.

occurred. Hence, his claims accrued no later than January 2002 and the statute of limitations expired in January 2005. However, Plaintiff did not file his complaint until May 2007, well past Michigan's three-year limit. Moreover, Michigan law no longer tolls the running of the statute of limitations when a plaintiff is incarcerated. *See* MICH. COMP. LAWS § 600.5851(9). Further, it is well-established that ignorance of the law does not warrant equitable tolling of a statute of limitations. *See Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 385 (6th Cir. 1991); *Mason v. Dep't of Justice*, No. 01-5701, 2002 WL 1334756, *2 (6th Cir. June 17, 2002).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint does not present a rational basis in law if it is barred by the appropriate statute of limitations. The Sixth Circuit has repeatedly held that when a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, *sua sponte* dismissal of the complaint is appropriate. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Beach v. Ohio*, No. 03-3187, 2003 WL 22416912, at *1 (6th Cir. Oct. 21, 2003); *Castillo v. Grogan*, No. 02-5294, 2002 WL 31780936, at *1 (6th Cir. Dec. 11, 2002); *Duff v. Yount*, No. 02-5250, 2002 WL 31388756, at *1-2 (6th Cir. Oct. 22, 2002); *Paige v. Pandya*, No. 00-1325, 2000 WL 1828653 (6th Cir. Dec. 5, 2000). Accordingly, Plaintiff's claims against Calhoun County and Summit Point Community Mental Health will be dismissed as frivolous.

IV.     Defendants Caruso and Birkett

Plaintiff names MDOC Director Caruso and SMF Warden Birkett as Defendants in this action, but fails to make any specific factual allegations against them. A plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious

liability. *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (quoting *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978)). Moreover, it is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995) (where complaint failed to allege wrongdoing by a particular defendant, it fell "far short of the standard that is necessary to weed out meritless actions"). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"); *see also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich 1991). Accordingly, Defendants Caruso and Birkett will be dismissed for failure to state a claim.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Caruso, Birkett, State of Michigan, Calhoun County, and Summit Point Community Mental Health will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will order service of the complaint against Defendants CMS, Eisen (ICF), Smith (ICF), Norwood (ICF), Gilkey (ICF), Bauer (SMF), Kemp (ICF), Patterson (ICF), Chaffen (ICF) and Badger (ICF) with regard to Defendants' alleged violations of the First Amendment (retaliation), Eighth Amendment, Fourteenth Amendment

due process and equal protection clauses, Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12131 et seq., and Section 504 of the Rehabilitation Act of 1973 (RA), 29 U.S.C. § 794(a).

An Order consistent with this Opinion will be entered.

Dated: September 18, 2007  /s/ Wendell A. Miles
Wendell A. Miles
Senior United States District Judge