UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LAZARUS,

        Plaintiff,                              Hon. Wendell A. Miles

v.                                           Case No. 1:07 CV 524

SUZANNE EISEN,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

        Plaintiff initiated this action on May 31, 2007, asserting claims against numerous defendants. (Dkt. #1). The Court has since dismissed Plaintiff's claims against most defendants, including all those defendants against whom service has been effected. (Dkt. #10-11, 44-45). For the reasons discussed below, the Court recommends that Plaintiff's claims against the remaining defendants be **dismissed** for failure to timely effect service.

        In addition to the defendants against whom Plaintiff's claims has been dismissed, Plaintiff asserts claims against the following defendants: (1) Suzanne Eisen; (2) Unknown Bauer; (3) Unknown Badger; and (4) unidentified and unknown parties. (Dkt. #1). On September 18, 2007, the Court ordered that service be effected on these (and other) defendants. (Dkt. #10-11). The summonses and complaints addressed to Defendants Eisen, Bauer, and Badger were all returned unexecuted in November 2007. (Dkt. #14-16). With respect to these defendants, Plaintiff took no action for more than ten months. While Plaintiff has recently moved to have service again attempted on Defendant Eisen, (dkt. #46), he has never requested an extension of time to effect service on Defendants Eisen, Bauer, or

Badger.  Plaintiff has likewise never requested the Court's assistance in identifying or effecting service on Defendants Eisen, Bauer, Badger, or the unidentified defendants named in his complaint.

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint."  The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, "the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant."  If the plaintiff demonstrates good cause for such failure, however, "the court shall extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m); *see also*, *Bush v. City of Zeeland*, 2003 WL 22097837 at *2 (6th Cir., Sep. 5, 2003) (citation omitted).

## CONCLUSION

Considering Plaintiff's lack of diligence, the Court recommends that Plaintiff's motion to re-attempt service on Defendant Eisen, (dkt. #46), be **denied**.  The Court further recommends that Plaintiff's claims against Defendants Eisen, Bauer, and Badger, as well as the unidentified parties named in his complaint, be **dismissed without prejudice for failure to timely effect service**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  November 19, 2008         /s/ Ellen S. Carmody
                                 ELLEN S. CARMODY
                                 United States Magistrate Judge